## Ellen Wardlow, Appellee, v. The Grand Lodge Brotherhood of Railroad Trainmen, Appellant.[*]

1. FRATERNAL BENEFICIARY ASSOCIATIONS—*burden of proving breach of certificate.* The burden of proving a breach of a fraternal beneficiary certificate, as raised by the society by special pleas in defense to an action thereon by the beneficiary, is upon the society.

2. FRATERNAL BENEFICIARY ASSOCIATIONS—*method of proving expulsion of member.* A corporate society, relying upon the expulsion of a member in his action upon his certificate, must prove the expulsion by its records and not by statements of officers or members.

3. FRATERNAL BENEFICIARY ASSOCIATIONS—*revocation of charter as defense to action on certificate.* In an action upon a fraternal beneficiary certificate, the defense that the insured was not a member of the society because the charter of his lodge was revoked will not be heard on appeal after failure specially to plead revocation or to offer competent evidence thereof.

4. FRATERNAL BENEFICIARY ASSOCIATIONS—*necessity of paying dues after tender is refused.* The failure of a member of a fraternal association to make further tender of dues after refusal of dues by the society under a belief that the member has been expelled, will not preclude a recovery on his certificate; no legal expulsion having been proven.

5. INSTRUCTIONS—*misleading on burden of proof.* An instruction which may mislead the jury into believing the burden of proof is upon the party who does not have it is properly refused.

Appeal by defendant from the City Court of East St. Louis; the Hon. W. F. BORDERS, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed March 10, 1924.

WM. P. LAUNTZ, for appellant.

BEASLEY & ZULLEY, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Appellee was the beneficiary in a certificate issued by appellant to her son, Otto Wardlow. The insured

[*] Received from clerk of Appellate Court, August 8, 1927.

died October 7, 1920, and appellee sued to recover the amount of the insurance. Appellant pleaded the general issue and also two special pleas. The first special plea set out section 11 of the constitution and general rules of the order and averred that the insured engaged in a strike on April 8, 1920, in violation of the provisions of said section and on account thereof was expelled on April 20, 1920, from the defendant order and from Lodge No. 545 of which he was a member and has never been reinstated. The material part of said section 11 is as follows: "Any member or members inciting a strike or participating therein, except as provided in general rule No. 10, shall upon conviction thereof be expelled."

The second special plea set out section 129 of the constitution and general rules and averred that the insured failed to comply with the provisions thereof in that he paid no dues or assessments on his certificate for a period of six months prior to his death and the certificate thereby became null and void. Issues were joined and upon a trial before a jury appellee recovered a verdict and judgment for $1,500.

As to the issues raised by the special pleas the burden of proof was upon appellant. *Supreme Tent Knights of Maccabees of the World v. Stensland*, 206 Ill. 124; *Knights Templars' & Masons' Life Indemnity Co. v. Crayton*, 209 Ill. 550. When a benevolent society relies upon an expulsion of a member as a defense to an action brought upon his certificate of membership in the nature of a policy of insurance, it must prove expulsion by its records. *Supreme Lodge of A. O. U. W. v. Zuhlke*, 129 Ill. 298. It must be shown by some official action on the part of the society. The order being a corporate body, its attitude toward a member can be known only through its action as such corporation. It must appear from the minutes, proceedings or records of the order itself and not by the

statements of officers or members. *Independent Order of Forresters v. Zak,* 136 Ill. 185.

Appellant wholly failed to prove, in the manner required by the law, that the insured was expelled from the order. It is argued, however, that the charter of his lodge was revoked and he, thereby, ceased to be a member and was never reinstated. It is sufficient to say that such a defense was not raised by the special pleas nor was any competent evidence offered to show that the charter was revoked.

C. O. Tuttle testified on behalf of appellant to the effect that he was the treasurer of the lodge of which the insured was a member and that the insured paid his dues up to May 1, 1920, and that the lodge ceased to exist on April 20, 1920. He also says that he met the insured on the street about May 1, 1920, and told him that he had fixed him up in another lodge and that insured replied: "To hell with them; I am not going to pay any more dues into it." When asked whether he knew of his own knowledge whether the insured paid any more dues, he answered: "I would have to take his word for that. I am testifying to what he told me himself. I don't know whether he paid any dues after that or not." Appellant produced no other evidence in support of its second special plea.

Appellee testified, without objection, that the insured paid his dues to May 1, 1920, that he offered to pay other dues but the agent refused to accept the same, and that he then sent the money to the head office of appellant at Cleveland, Ohio, and it was returned with a letter stating that they would not accept any more dues from him, because he was no longer a member of the order. In response to a letter asking for blank proofs of death appellant's general secretary and treasurer wrote appellee's attorney stating that "Otto Wardlow has not been a member of our organization since April, 1920, therefore, I am not mailing you blanks for filing proofs of his death."

It is apparent that appellant was of the opinion that the insured had been legally expelled in April, 1920, and that it had refused to accept further dues from the insured. No legal expulsion was proven. When appellant informed the insured that it would receive no more dues from him and returned the draft which he had sent he was under no obligation to make any further tender. *Travelers' Ins. Co. v. Pulling,* 159 Ill. 603–609.

Appellant's first and fourth refused instructions were properly refused because they ignored the evidence on the part of appellee to the effect that insured had tendered dues which were refused. Its third and sixth were properly refused because there was no competent evidence that the insured had been expelled. The first clause of the fifth was cautionary and the second clause would be very misleading as the jury might very well understand that the burden of proof was upon appellee as to the issues raised by the special pleas. The court did not err in refusing it. No reversible error having been pointed out the judgment is affirmed.

*Affirmed.*