People of the State of Illinois ex rel. Mary Austin et al., Appellees, v. Board of Commissioners of Cook County et al., Appellants.

Gen. No. 42,200.

Heard in the third division of this court for the first district at the April term, 1942. Opinion filed December 9, 1942.

THOMAS J. COURTNEY, State's Attorney, for appellants; WILLIAM J. TUOHY, MARSHALL V. KEARNEY, JOSEPH P. BURKE, JACOB SHAMBERG and BRENDAN Q. O'BRIEN, Assistant State's Attorneys, of counsel.

JAMES W. BREEN, of Chicago, for appellees.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by the defendants from an order of judgment entered by the superior court of Cook county in proceedings for mandamus brought by the plaintiffs and appellees, regular employees in the office of the assessor of Cook county, against the Board of Commissioners of Cook county, Michael J. Flynn,

county clerk and *ex officio* county comptroller of Cook county, and Lee J. Howard, county auditor of Cook county, defendants, to compel said Michael J. Flynn to approve a payroll for the payment of salaries of said employees of the office of the assessor of Cook county for the period commencing September 1, 1941, and ending September 15, 1941, and to transmit said payroll to the county treasurer of Cook county for payment, which order herein appealed from directs the issuance of a writ of mandamus directed to said Michael J. Flynn, as county comptroller of Cook county, commanding him to approve the said payroll and transmit the same to the county treasurer of Cook county, so that the plaintiffs might receive the salaries therein set up for the period in question.

Said final judgment orders that the defendants, the Board of Commissioners of Cook county and Lee J. Howard, county auditor of Cook county, be dismissed from the proceedings, without prejudice to the plaintiffs and without costs.

The appellant will hereinafter be referred to as defendant and the appellees as plaintiffs.

In reply to the amended petition for mandamus, the defendant answers the several questions that are presented by the amended petition and to these answers plaintiffs filed a reply and upon the issues being joined the cause was transferred to a non-jury calendar, was heard by the trial court without a jury, and evidence was introduced by both parties. The trial court sustained the contentions of the plaintiffs and entered a judgment for issuance of a writ of mandamus directed to said Michael J. Flynn, county comptroller of Cook county, commanding him to approve forthwith the said payroll for the period of September 1 to September 15, 1941, so that the plaintiffs may receive their salaries for the services rendered to the assessor of Cook county for said period. Said final judgment contained said payroll with the names of plaintiffs

together with the title of their offices, positions or places of employment which they occupied during said period and the amount of salary to be paid them for said period, together with the amount of motor maintenance to be paid to certain of them. Said judgment finds that said assessor approved said payroll for the period September 1 to September 15, 1941; that the rates of salary in said payroll are not in conflict with any resolution adopted by the county board prior to the adoption of the annual appropriation bill; that the accounts against which said payroll was charged had on September 1 and September 15, 1941, more than sufficient funds available out of which said payroll might be paid; that the total amount of said payroll for said period was $29,096.70 and that the payment of said payroll for said period would not in any manner exceed the amount appropriated by said county board for the payment of salaries of employees in the office of the assessor of Cook county for the fiscal year 1941; that said payroll was prepared and approved by the assessor, submitted to the civil service commission of Cook county and approved by it, and was transmitted to said defendant, Michael J. Flynn, comptroller of Cook county; that it was the duty of said comptroller of Cook county to approve said payroll; that the plaintiffs demanded the approval of said payroll by him and that he arbitrarily refused to approve it and has persisted in his refusal.

Said final judgment further finds that the assessor of Cook county was directed by the Board of Commissioners of Cook county and the comptroller of Cook county to lay off, for a period of two weeks, without pay, all regular employees in the office of the assessor of Cook county, thereby compelling said employees to take what is commonly called "a payless vacation"; that for the period commencing September 1, 1941 and ending September 15, 1941, the assessor of Cook county did lay off, for a period of two weeks, without pay, all

of the above-named plaintiffs, with the exception of the first 53 employees named on said list, and that during said period he employed as extra employees in the office of the assessor of Cook county, all of the regular employees who were given a payless vacation for said period; and that the said action of the assessor of Cook county was lawful and in accordance with the express power conferred by law upon the assessor of Cook county by the statutes of the State of Illinois.

Said final judgment further finds that the Board of Commissioners of Cook county, in its annual appropriation bill, expressly provided for the employment of extra employees by the assessor of Cook county and fixed the number of such employees to be so employed and the amount of salary to be paid to said extra employees by the assessor of Cook county; that the amount of salary approved by said assessor to be paid said plaintiffs for said period was in accordance with the rates of salary as fixed in the annual appropriation bill for extra employees; and that the salary for the regular employees in the office of the assessor of Cook county for the period of September 1 to September 15, 1941 was charged to account No. 8–11, and that the salaries of the extra employees employed by the assessor of Cook county for said period were charged to the several accounts that are named in the judgment order.

The defendant, Michael J. Flynn, comptroller of Cook county, duly filed his notice of appeal and praecipe for record in the trial court with proper proof of service thereof, appealing from the findings and judgment of the trial court, and applied for and secured from the trial court an order making his notice of appeal a supersedeas.

From the statement that was filed in this case it appears that the plaintiffs in this case are endeavoring to collect their salaries for the period of September 1, 1941, to September 15, 1941, for services performed at

the express direction of the assessor of Cook county. The names of the first 53 plaintiffs, except that of the name of the assessor of Cook county, are the names of those employed as regular employees in the office of the assessor of Cook county and who were appointed to their positions after having passed a competitive civil service examination, and they have occupied their offices, positions or places of employment for many years. All of the other plaintiffs were civil service employees in the office of the assessor of Cook county prior to September 1, 1941.

Under the law the assessor of Cook county has the power to lay off or suspend any civil service employees for a period of time not exceeding 30 days for economy purposes or for any purpose which the assessor may determine is for the most economical and efficient administration of the affairs of his office. The Board of County Commissioners, for economy reasons did not appropriate as much money to pay the regular employees in the office of the assessor of Cook county for the year 1941 as it had appropriated for the year 1940. In fact, the county board reduced the appropriation for the payment of regular employees in the office of the assessor of Cook county in an amount equal to two weeks' salary for each employee, and the same was true as to the regular employees in all the other county offices. In order to bring this about, the county board directed the county comptroller to notify all of the department heads to lay off their regular employees for a period of two weeks without pay.

The plaintiffs in this case who are suing for salaries as extra temporary employees in the office of the assessor of Cook county for the period commencing September 1, and ending September 15, 1941, were laid off as regular employees of the office of the assessor of Cook county during this period and were employed as extra employees by the assessor of Cook county for this same period.

The salaries fixed by the county board for the offices, positions or places of employment they occupied as regular employees in the office of the assessor of Cook county were not changed at any time by the assessor or by the county board.

It is therefore contended by the plaintiffs: first, that the assessor of Cook county is authorized by law to lay off, for economy reasons, or for any reason that he may believe will be conducive to a more efficient administration of the affairs of his office, his regular civil service employees, for a period of time not exceeding 30 days; second, that the assessor of Cook county had the power and authority to lay off his regular civil service employees for a period of 14 days without pay, and to employ them in any other position or place of employment created by the Board of County Commissioners of Cook county and for which positions or places of employment salaries were fixed by the county board and appropriation made to pay for the same; third, that in laying off his regular employees from the offices, positions or places of employment created for the regular employees by the county board and appointing them as extra employees to other positions or places of employment in the office of the assessor of Cook county, the assessor of Cook county did not in any manner change the rate of salary fixed by the Board of Commissioners of Cook county in its appropriation bill for the year 1941 for any office, position or place of employment; fourth, that the assessor of Cook county in laying off regular employees for a two weeks' period without pay and employing them as extra employees in positions or places of employment in the office of the assessor of Cook county, did, not expend more than the amount appropriated for the salaries of regular employees and did not expend more than the amount appropriated by the county board for extra employees; fifth, that the plaintiffs are not claiming pay for overtime either as regular employees or as

extra employees in the office of the assessor of Cook county for the past year of 1941; sixth, that the assessor of Cook county has not violated any of the provisions of the State Constitution or the statutes of the State of Illinois.

It is urged by the defendant that the Constitution and statutes of the State of Illinois provide that the salary of county officers must be determined in a fixed amount by the county board in the annual appropriation bill and may not be increased or decreased during the officer's term of office; that the plaintiffs as regular employees with specified salaries appropriated for their respective offices, positions or places of employment are barred under the provisions of the Constitution and statutes from having additional or overtime compensation beyond their fixed yearly salary specified in the appropriation bill for 1941. The defendant further contends that the Constitution of 1870 and the statutes of Illinois both require that the compensation or salary of county officers shall be determined in a fixed and certain amount by the county board in its annual appropriation bill, and further provide that the compensation of no officer shall be increased or diminished during his term of office. Section 10 of Article X of the Constitution provides in part as follows:

"The county board, except as provided in section 9 of this article, shall fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel and other expenses. . . . Provided, that the compensation of no officer shall be increased or diminished during his term of office . . ."

And further: That the Ill. Rev. Stat. 1941, ch. 120, sec. 487 [Jones Ill. Stats. Ann. 119.503], provide as to deputy assessors, as follows:

"The number and compensation of the clerks and the deputies (other than the ex-officio deputies) shall

be determined annually by the county board and such compensation shall be paid from the county treasury.'' And further, it is contended that the Ill. Rev. Stat. 1941, ch. 34, sec. 64.17; State Bar Ass'n Stats. 1937, ch. 34, sec. 64(9), provide as follows:

''The salaries or rate of compensation of all officers and employees of said county, when not otherwise provided by law, shall be fixed by the Board of Commissioners and shall be fixed prior to the adoption of the annual appropriation, and shall not be changed during the year for which the appropriation is made.''

The argument that is offered by the defendant is that the plaintiffs one and all were county officers, within the contemplation of the above-quoted sections of the Constitution and Illinois statutes, during all of the period of their employment in the office of the county assessor, including the period September 1 to September 15, 1941 for which they claim salary as extra employees, the county board having created special positions, offices or places of employment for each of them with a designated and fixed yearly salary by setting up such positions, offices or places of employment and a specific yearly salary for each in its annual appropriation bill of 1941. Defendant further urges that the plaintiffs, and each of them, as the record shows, received their respective salaries in their entirety as appropriated for them in said appropriation bill of 1941; that they now claim additional compensation for work allegedly done by them during the two weeks' period from September 1 to 15, 1941, under a special payroll other than the regular payroll upon which they were paid their salary.

It does not appear from this record that the constitutionality of the annual appropriation bill was raised by the defendant in the trial court, and therefore the question of constitutionality was not passed upon by the trial court. The law is well established by the courts in passing upon attempts of appellants to argue

errors committed by the trial court on points not argued below, and we do not regard it as necessary to cite many decisions upon this question. In the case of *Holmes v. First Union Trust & Savings Bank,* 362 Ill. 44, the Supreme Court, in its opinion, said:

"It is a settled rule of this court that a party will not be permitted to raise objections here which were not urged in the trial court."

We believe that the failure of defendant to appeal directly to the Supreme Court constitutes a waiver on his part of his right to raise constitutional questions in this court. There is no merit in the contention of the defendant, as the terms of employment of the plaintiffs were not fixed by the Constitution nor by any statute of the State of Illinois.

Upon the pertinent question that is involved here in this case the Supreme Court said in *Anderson v. City of Jacksonville,* 380 Ill. 44:

"The two questions not previously passed upon are a contention that the act in question attempts to increase the compensation of municipal officers appointed for a definite term of office during such term, in violation of section 11 of Article IX of the Constitution, and a further question, not involving the Constitution, as to the validity of certain releases which appear to have been executed each month by each policeman at the time he was paid. The constitutional question gives us jurisdiction and we will therefore decide both points.

"The first point is without merit because it has been definitely held by this court that where the term of an office is not fixed by a constitutional or statutory provision, it is held at the pleasure of the appointing power, and although that power has attempted to fix a definite term for the office, as in this case was done by ordinance, the constitutional provision above referred to does not apply and the salary may be raised, lowered or revoked by the proper authority."

It does not appear that the Constitution or a statutory provision has provided for the fixing of salaries of the employees of the assessor's office, and, such being the fact, the appointment that is made of regular extra employees of the assessor's office is held at the pleasure of the appointing power, and although the attempt to fix a definite term for the office, still, as the Supreme Court said in its opinion upon that question, "the salary may be raised, lowered or revoked by the proper authority."

As we have already indicated in the opinion of this court, the regular employees of the assessor's office are civil service appointees and were appointed as such employees. The assessor of Cook county has the authority, and only the authority, to remove them from office, for purposes that he may deem important and for the good of the office, for a period of not to exceed 30 days, and, after the 30 days has expired, unless there has been some action taken that would justify further effort to control the employee, he will be returned to his office as an employee and will continue to render the service that is required of him in that office.

In order, as suggested in the brief filed by the plaintiffs, properly to ascertain the salaries fixed by the county board for the offices, positions and places of employment in the office of the assessor of Cook county, and in order properly to ascertain the intention of the county board, it becomes necessary to consider the entire annual appropriation bill for the year 1941. Only in that way can it be ascertained what are the amounts of the salaries fixed for the various employees of the office of the assessor of Cook county. It further appears that the county board fixed the salaries for the various offices, positions and places of employment in the office of the assessor of Cook county for regular employees and for extra employees. And then the provision of the county board goes on to state that eight hours should constitute a day's work in the office of the

assessor of Cook county when the employment is during the ordinary business hours, and five hours should constitute a day's work when the employment is outside of ordinary business hours, or during the night, or on holidays or Sundays, at not to exceed $6 per day per man and not to exceed $1.05 per hour for overtime. So that, from the record in this case, it does not appear that any of the employees have been appointed for a fixed period of time. They are appointed and the appropriation is made for an annual period during which they will receive such salary as was provided for by the county board.

It appears from the discussion of counsel in the case that the plaintiffs would not spend much time in discussing the constitutional question were it not for the fact that the defendant cites section 64.17 of chapter 34, of the statutes, which reads as follows:

"The salaries or rate of compensation of all officers and employees of said county, when not otherwise provided by law, shall be fixed by the Board of Commissioners and shall be fixed prior to the adoption of the annual appropriation, and shall not be changed during the year for which the appropriation is made."

The defendant urges that the employees were all county officers within the contemplation of the above-quoted provision of the statute during all the period of their employment in the office of the county assessor, including the period from September 1 to September 15, 1941. It does not appear that any evidence was offered to prove that the rate of salary fixed by the county board in its annual appropriation bill for the offices, positions or places of employment which the plaintiffs occupied as regular employees of Cook county were increased or diminished by any act of the county board or of the assessor of Cook county.

It is well recognized as a fact that the plaintiffs were only entitled to receive the salaries fixed for the offices,

positions or places of employment held by them as regular employees in the office of the assessor of Cook county so long as they occupied said offices, positions or places of employment and discharged their duties pertaining thereto, and it is urged, as we have already stated in this opinion, that the assessor of Cook county, by virtue of the authority conferred upon him by law, relieved the plaintiffs from performing the duties of the offices, positions and places of employment which they held as regular employees in the office of the assessor of Cook county. Their right to collect the salaries for such regular offices, positions or places of employment in the office of the assessor of Cook county did not include the period from September 1 to September 15, 1941, and the amount of the plaintiffs' salaries for the period in question was saved to Cook county. It is well suggested that the statutes of the State of Illinois do not prohibit a regular employee of Cook county, while unemployed, from accepting a position as an extra employee, or as a temporary employee, during the period in which he has been separated and relieved from the performance of his duties as a regular employee.

It appears in the instant case that the plaintiffs are not claiming two salaries. They are only endeavoring to collect the compensation out of the appropriation for extra employees fund for extra or temporary employees in the office of the assessor of Cook county from September 1 to September 15, 1941, and for the period they performed and discharged the duties pertaining to said offices, positions or places of employment.

It is urged by the defendant that the plaintiffs were employed by Cook county and were officers of Cook county, and lay great stress upon the fact that they are officers and not employees. From an examination of the record, and from the facts that appear in evidence, they are but employees, regardless of whether

they occupied positions or places of employment as regular employees of the assessor of Cook county, or were temporary employees. Upon this question, the Supreme Court said, in the case of *City of Pekin v. Industrial Commission,* 341 Ill. 312:

"In *People v. Coffin,* 282 Ill. 599, on page 606, it was said: 'In many cases it is difficult to determine whether a person is an officer or merely an agent or employee of a municipality. It is even more difficult to lay down any fixed rule to determine the question, in all cases, as to whether a person is an officer or merely an agent or employee of a municipality. Generally, an officer takes an oath of office, while a mere agent or employee does not. The duties and services of a mere employee are purely ministerial, and he is not clothed with discretion nor with power to represent or bind the corporation. (28 Cyc. 585.) An office is a place in a governmental system created or recognized by the law of the State, which either directly or by delegated authority assigns to the incumbent thereof the continuous performance of certain permanent public duties. A position is analogous to an office in that the duties that pertain to it are permanent and fixed, but it differs from an office in that its duties may be non-governmental and not assigned to it by any public law of the State. An employment differs from both an office and a position in that its duties, which are non-governmental, are neither certain nor permanent.' "

The fact that these regular employees were relieved from their duties of such employment and appointed as extra employees does not violate any of the provisions of the statutes of the State of Illinois, and does not change their duties to the State of Illinois. It is clear that while the county appropriation bill established salaries at lower levels than the previous year, that the salary rates per month of the prior year were to be maintained by means of the "payless vacation." The deputy comptroller's letter regarding the "pay-

less vacation'' indicates that intention of the board. The assessor's action, relieving the regular employees, conformed to that intention.

When we come to consider all of the questions that have been called to our attention, we are of the opinion that the court did not err in directing that the payroll of the office of the assessor of Cook county for the period commencing September 1 and ending September 15, 1941, be approved by the comptroller of Cook county, and the order and judgment of this court is that the judgment of the superior court of Cook county ordering and directing the county comptroller to approve the said payroll should be affirmed.

*Affirmed.*

Burke, P. J., and Kiley, J., concur.