Ernest Kingsley, Appellant, v. Amalgamated Meat Cutters and Butcher Workmen of North America Local Union No. 530, Appellee.

354

Opinion filed May 26, 1944.

GOLDENHERSH & GOLDENHERSH, of East St. Louis, for appellant.

FARTHING, FARTHING & FEICKERT, of Belleville, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

This is an action at law brought by Ernest Kingsley, appellant (hereinafter referred to as plaintiff) against Amalgamated Meat Cutters and Butcher Workmen of North America, Local Union No. 530, appellee (hereinafter referred to as defendant). In the trial court, the action was also against Frank Spaniel, president and manager of defendant Union. Motion to strike was allowed as to defendant Spaniel, and no appeal was taken from that order.

The action filed sought to recover damages against defendant because of plaintiff's loss of employment caused by certain alleged activities on the part of defendant, as set forth in plaintiff's complaint. Defendant Union filed a motion by its attorneys to dismiss as to it, and asked that the summons be quashed, and set forth as grounds for the motion, that it is a voluntary, unincorporated association and that jurisdiction cannot be acquired against it by name, but that all of its individual members must be made defendants and

served with summons. The trial court allowed this motion and entered its order quashing the summons and dismissing the action as to this defendant. The appeal involves only the alleged error of the court in allowing the motion to quash the summons and dismissing the action as to defendant Union.

It is urged as error that the trial court erred in allowing defendant's motion to dismiss for the reason that defendant Union is an entity and can sue and be sued as such and for the further reason that the motion was improper in that a plea to the jurisdiction must be pleaded in person and not by attorney.

On the proposition that the defendant Union is a legal entity and can sue and be sued, plaintiff rely chiefly on *United Mine Workers of America v. Coronado Coal Co.,* 259 U. S. 344. That case, however, was a suit in the Federal court against several national trade unions, and authorized by section 7 of the Sherman Antitrust Law (USCA Title 15, sec. 7), which statute specifically includes "associations" among those who may be sued.

Plaintiff also cites *Wade v. Grand Lodge Brotherhood of Railroad Trainman,* 247 Ill. App. 532 and *Wardlow v. Grand Lodge Brotherhood of Railroad Trainman,* 245 Ill. App. 142, both of which are suits against fraternal benefit societies. The legislature has by statute made it lawful to sue fraternal societies by name. Ill. Rev. Stat. 1943, ch. 73, par. 894 *et seq.* [Jones Ill. Stats. Ann. 66.957]. Plaintiff also relied on the following cases, all of which were suits in equity or contempt proceedings arising therefrom; *Maywood Farms Co. v. Milk Wagon Drivers' Union of Chicago, Local 753,* 316 Ill. App. 47, a contempt proceeding growing out of an injunction; *Western-United Dairy Co. v. Nash,* 293 Ill. App. 162, an injunction suit; *Biller v. Egan,* 290 Ill. App. 219, also an injunction suit. These decisions do not support a right to sue voluntary unincorporated associations at law for damages

in Illinois. Plaintiff's suit is in tort for damages and is an action at law, not based upon any statute.

At common law an unincorporated voluntary association, such as a labor union, cannot sue or be sued by its association name. It is neither a natural nor artificial person and has no legal existence separate and distinct from its individual members. *Cahill v. Plumbers' Gas & Steam Fitters' & Helpers' Local 93,* 238 Ill. App. 123; *Moskal v. New Era Commercial Ass'n,* 228 Ill. App. 278; *O'Connell v. Lamb,* 63 Ill. App. 652; 5 C. J., p. 1365; 30 Encyclopedia of Law and Practice, p. 132; 27 A. L. R. 786.

The common law is still in force in this state, except as it has been modified or repealed by the legislative authority. *Lasier v. Wright,* 304 Ill. 130; *Cahill v. Plumbers' Gas & Steam Fitters' & Helpers' Local 93, supra.*

In the *Cahill* case, at page 130, the court said: "It is the contention, however, of appellant that the common-law rule has been repealed by implication. The legislature has not enacted any statute which purports to repeal or modify the common law on this subject, as many other states have done. The effect of the argument of appellant is that at common law he cannot maintain his suit, and his whole contention in this case, to our minds, rests upon one question: Has the common law been repealed by implication? Chapter 28 of the Revised Statutes provides that the common law should be in force until repealed by legislative authority. It cannot be repealed by judicial decisions."

We are of the opinion that the trial court ruled correctly in quashing the summons, and dismissing the action as to defendant.

It is further contended that the motion of defendant was improper in that a plea to the jurisdiction must be pleaded in person and not by attorney. That question was raised for the first time in this court. It is the settled rule of this court that a party will not be per-

mitted to raise objections here which were not urged in the trial court. *People v. Board of Com'rs of Cook County*, 316 Ill. App. 621; *People v. City Council of Chicago*, 308 Ill. App. 284. Hence we do not feel called upon to discuss this point.

For the reasons above set forth the judgment of the circuit court of St. Clair county will be affirmed.

*Affirmed.*