CHARLES MOORE, PLAINTIFF-APPELLANT, v. GARDEN STATE BUS LINES AND ANOTHER, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued August 20, 1951—Decided September 12, 1951.

Before Judges BIGELOW, DAVIDSON and McLEAN.

Mr. *Harry Chashin* argued the cause for the appellant (*Messrs. Marcus & Levy*, attorneys, and *Mr. Hyman W. Rosenthal*, of counsel).

Mr. *Gustave A. Peduto* argued the cause for the respondents (*Mr. Charles A. Rooney*, attorney).

Per Curiam. Plaintiff appeals from an interlocutory order of the Superior Court, Law Division, made on defendants' motion, changing the venue of the action from one county to another.

An appeal from an interlocutory order cannot be maintained unless it be permitted by one of the provisions of *Rule* 4:2–2. Plaintiff argues first that an order changing the venue in effect prohibits the plaintiff from proceeding with the action in the county of his choice and hence falls within that branch of the rule that gives an appeal from an interlocutory order granting an injunction. The contention is entirely without merit. *Cf. Warren v. Hague*, 11 *N. J. Super.* 312 (*App. Div.* 1951). Plaintiff next urges that he comes within the clause that allows an appeal "when necessary to preserve and maintain the *res* or *status quo* pending final judgment and prevent irreparable injury or mischief." The point is not well taken. *Rossbach v. Evening News Pub. Co.*, 3 *N. J. Super.* 143 (*App. Div.* 1949). See also 4 *C. J. S.*, *Appeal & Error*, § 115, *p.* 209; *Jiffy Lubricator Co., Inc., v. Stewart Warner Co.*, 177 *F.* 2d 360 (*C. C. A.* 4, 1949); *McCowan v. Ellis*, 55 *N. E.* 2d 554 (*Ill.* 1944).

The appeal is dismissed with costs.