**ROLING et, Plaintiffs-Appellees, v. BOARD OF COUNTY COMMISSIONERS OF FRANKLIN COUNTY et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4945.  Decided August 24, 1953.

Wright, Harlor, Purpus, Morris & Arnold, John C. Harlor, Harry Wright III, of Counsel, Columbus, for plaintiffs-appellees.

Frank H. Kearns, Pros. Atty., J. Baxter Evans and Paul W. Martin, Asst. Pros. Attys., Columbus, for defendants-appellants.

## OPINION

By THE COURT.

Submitted on motion of the plaintiffs-appellees seeking an order dismissing the appeal for the following reasons:

1. The order appealed from is not a final order.

2. The order appealed from is an interlocutory order.

The record reveals that the action was instituted in the Probate Court seeking, among other things, to have the tentative apportionment

of the assessment against their properties, under Sewer Improvement Project No. 287, Sewer District Franklin No. 1, set aside and declared void. The judgment entry finds that the improvement in and of itself was lawful and should proceed; that the tentative apportionment was not lawful and should be modified in accordance with the formula set forth by the Court; that in order for the Court to make separate findings with respect to each of the claims for adjustment certain special facts of a technical nature had to be supplied to the Court and that since such facts were within the special confidence of the appellants and their staff, they should find such facts, modify the assessment pursuant to the formula set forth by the Court, report the amounts back, and at such time said amounts would be ordered assessed if no exceptions were filed thereto and sustained. In so ruling it appears the Court was attempting to follow the mandate of §6602-3q GC, which provides that in any appeal or in any separate proceedings by injunction the Court "shall make such order in the premises as it may deem just and equitable, and order any tax or assessment * * * levied in whole or in part, or perpetually enjoin it or any part thereof * * *."

We are of the opinion that the order appealed from is not final but merely interlocutory. A final order making the separate assessments has not been and cannot be entered until the appellants report back in accordance with the Court order. Therefore, there is no final order from which this appeal may be prosecuted. This proceeding was instituted under §6602-1 et seq, GC, and is a special proceeding requiring a strict compliance with the statutes relating thereto. The provision relating to appeals is found in §6602-3p GC, which provides that only a "final judgment" may be appealed, to wit, "the final judgment of the Probate Court may be reviewed by proceedings in error on appeal as in other cases * * *."

A similar question was presented to this Court in the case of **In re Thomas Will**, 84 Oh Ap 30, 84 N. E. 2d, 294, where we said at page 296,

"A decree or order which leaves further proceedings necessary before the rights of the parties can be determined is an interlocutory order and not a final order."

In **Lamp Heater Co. v. Stove Co.**, 41 Oh St 287, at p. 292 the Court said:

"And in the state courts, when a cause is retained for reference to a master, for the purpose of ascertaining a material fact, the decree is interlocutory only, and does not become final until the whole merits of the cause have been disposed of and nothing remains for the further action of the court."

Consistent with this quoted language the Court in Widows and Orphans Fund v. Church, 16 O. C. C. (N. S.) 248, held:

"the mere reference of a case determines no rights. It is not to be presumed that upon the coming in of a second report in this case an erroneous order will be made, based upon it, and, should there be, it will be time enough to complain of it after the final order is made."

The motion will be sustained for the reason that this Court has no jurisdiction to review the proceedings of the lower court until the judgment therein is final.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.