Wayne Crafton, Plaintiff-Appellee, v. Lester B. Knight & Associates, Incorporated, a Corporation, Caterpillar Tractor Company, a Corporation, Mississippi Valley Structural Steel Company, a Corporation, and Joseph T. Ryerson & Son, Incorporated, a Corporation, Defendants-Appellants.

**Gen. No. 68–101.**

Third District.

October 14, 1969.

Robert C. Strodel, of Peoria, for appellant.

Lester B. Smith, Jr. and James L. Hafele, of Peoria, for appellee.

STOUDER, P. J.

Plaintiff, Wayne Crafton, commenced this action in the Circuit Court of Peoria County seeking damages for alleged violation of the Structural Work Act against Defendants, Lester B. Knight & Associates, Caterpillar Tractor Company, Mississippi Valley Structural Steel Company and Joseph T. Ryerson & Son. In addition to filing their answers, each of the defendants by counterclaim or third-party action, sought indemnity from John F. Beasley Construction Company, the employer of plaintiff. Beasley accepted the defense of the principal action and as a consequence the counterclaims and third-party actions were dismissed. Trial before a jury resulted in a verdict in favor of plaintiff in the amount of $20,000 against the defendants, from which judgment defendants have appealed. During the pendency of this appeal, Crafton's death has been suggested and leave has been granted to substitute his personal representative.

Defendants' principal assignment of error is that the Structural Work Act is as a matter of law inapplicable to the facts of this case. Consequently, according to defendants, the trial court erred in failing to direct a verdict and in failing to grant their motion notwithstanding the verdict.

Caterpillar Tractor, as owner, entered into certain agreements with the other defendants as prime contractors for the construction of a project near Peoria, Illinois, which after completion would be known as the Caterpillar Foundry. On April 28, 1966, plaintiff, an ironworker, was employed by Beasley Construction, a subcontractor. Plaintiff and two fellow employees also ironworkers, were working with an Allis-Chalmers tractor equipped with a thirty-foot side boom hoist, the tractor being operated by an operating engineer. The tractor and men were engaged in moving structural steel from a storage yard to the construction site, a distance of several hundred yards. Plaintiff and his fellow ironworkers "choked" or tied the structural steel into bundles fastening it to the cable on the hoist. The bundles of steel were then lifted nine inches to two feet above ground and the tractor carried the steel to the building site where the ironworkers unfastened the iron. Other hoists then took over the lifting of the steel into position. The ironworkers rode on the tractor from the storage yard to the site, either sitting on the seat with the operator on the gas tank or on a platform built for the purpose. The area traversed by the tractor was covered with mud ranging from six inches to two feet in depth. On one of the trips the tractor apparently lurched and plaintiff fell off injuring his back.

The tractor hoist was used solely for moving structural steel from storage yard to building site and the ironworkers did not and were not at the time riding the steel as it was being moved. Beasley, on the other hand, was specifically informed by an employee of Knight that rid-

ing the tractor was against the safety rules and his employees should not be permitted to ride the tractor.

Defendants argue that the Structural Work Act, Ill Rev Stats 1967, c 48, §§ 60–69, is inapplicable. In particular, defendants argue that the facts do not come within the terms of section 60, chapter 48, Ill Rev Stats 1967, which provides, "All scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon." Section 69 of chapter 48, Ill Rev Stats 1967, imposes liability on those "in charge of" the construction or alteration. For the purpose of this appeal, defendants have conceded that they were "in charge of" the work as the term is used in section 69, supra, but deny that the work was within the terms of section 60, supra.

The applicability of section 60 is a matter of legislative intent. The preamble to the Structural Work Act provides, "An act providing for the protection and safety of persons in and about the construction, repairing, alteration, or removal of buildings, bridges, viaducts, and other structures, . . . ." As stated in Gannon v. Chicago, M., St. P. & P. Ry. Co., 22 Ill2d 305, 175 NE2d 785, "[In considering] the construction of this Act, we must apply the legal axiom that the words of a statute should be construed to give effect to the legislative intention, which must be ascertained not only from the language from the entire Act, but from the evil to be remedied and the object to be attained." See Miller v. DeWitt, 37 Ill2d

273, 226 NE2d 630 and Louis v. Barenfanger, 39 Ill2d 445, 236 NE2d 724, affirming and applying the liberal construction rule.

It is defendants' argument that the side boom hoist was not "erected or constructed . . . for the use in the erection . . . of a structure. . . ." Section 60, chapter 48, Ill Rev Stats 1967. According to the defendants the Statute has to do with ". . . active construction activities necessary to actually build or erect a structure . . . ."

■ Defendants argue that the hoist was not being used for active and actual construction or erection. We are not sure what defendants intend by this argument. An examination of section 60 does not indicate any such limitation. To the extent the argument implies that the equipment used must be in the act of pounding, nailing, bolting or otherwise actively combining elements of the building such assertion is untenable. We do not believe that a hoist or crane must be in the process of holding materials in place before such equipment can be deemed to be used in erection or construction. The movement of materials and personnel is an integral part of any erection or construction activity and to hold otherwise would lead to absurd results. By analogy to Bishop v. Napier, 62 Ill App2d 148, 210 NE2d 9, which held the Act did not apply merely because a ladder was involved, we agree that the Act is not applicable merely because a hoist is involved. However the use of a ladder in the removal of storm windows as in Bishop, is far different from the movement of steel for incorporation into a structure. We likewise fail to see any analogy between the instant case and those of Thon v. Johnson, 30 Ill App2d 317, 174 NE2d 400 and Schaffer v. Veach, 61 Ill App2d 168, 209 NE2d 373, cited by defendants. The general principle which these cases illustrate is that something which is not intended for use as a scaffold does not become a scaffold merely because of the intention of the party so using it. In the

instant case there is no question but that the hoist was intended to be used as a hoist.

Defendants next argue that whatever work was being done was not being done on a structure or building as required by the Act. In Bradley v. Metropolitan Sanitary Dist., 56 Ill App2d 482, 206 NE2d 276, the principal case relied upon by defendants, the court held both that an excavation was not a structure and also that no scaffolds or other such devices were used. The Bradley case is of little assistance in determining the nature and extent of a structure within the meaning of the Act. The preamble of the Act refers to activity "in and about" a structure. Further the Act itself does not require that scaffolds or other devices be in direct physical contact with some permanent part of the structure. We believe that the erection or construction of a structure includes the construction site which may be considered as including that area around the building which is reasonably necessary to accomplish the erection and construction activity. This, in our opinion, could include the area in which the movement of stored materials takes place and it is immaterial whether the hoisting transferred such materials in a horizontal or vertical direction. In Yankey v. Oscar Bohlin & Son, 37 Ill App2d 457, 186 NE2d 57, the injury was caused by a crane unloading concrete forms from a truck.

In the instant case there is ample evidence from which it can be inferred that defendants were in charge of the area and the work being carried on at the time and place of the injury in the course of the construction of the foundry. Plaintiff was specifically directed to ride the hoist by supervisory employees of Beasley, notwithstanding that such use of the equipment constituted a violation of the generally accepted safety rules and notwithstanding the fact that supervisory personnel of the contractor had directed Beasley not to permit such use. In our view of this case we believe the evidence is sufficient

to warrant the conclusion that the hoist was being used in the construction and erection of a structure.

■ Neither is the Act inapplicable because no defect in the hoisting equipment was proved as argued by defendants. Defendants suggest that Hopwood v. Thomas Hoist Co., 71 Ill App2d 434, 219 NE2d 76, establishes such prerequisite. No such rule is announced in the Hopwood case. The opinion merely states that plaintiff's allegations of a defect in the hoist was not supported by the evidence. This does not mean that a defect in the hoisting equipment must be shown before there can be a violation of the statute.

Defendants' basic objection to the result has been frequently raised and uniformly rejected namely the result permits an injured employee to accomplish indirectly what he could not accomplish directly. By such indirection the injured employee is able to recover and the employer is required to pay an amount in excess of that provided by the Workmen's Compensation Act. As indicated in Miller v. DeWitt, 37 Ill2d 273, 226 NE2d 630, this is a matter for the legislature.

Finding no error in the judgment of the Circuit Court of Peoria County the judgment of said court is affirmed.

Judgment affirmed.

ALLOY and RYAN, JJ., concur.