LINDA BURKHART, Admr. of the Estate of Ralph Burkhart, Deceased, Plaintiff-Appellant, v. ILLINOIS POWER COMPANY et al., Defendants-Appellees.

(No. 11766;

Fourth District—January 10, 1973.

Knuppel, Grosboll, Becker & Tice, of Petersburg, (Eldon H. Becker, of counsel,) for appellant.

Gillespie, Burke & Gillespie, and Edward F. Casey, both of Springfield, and Charles A. Werner, of St. Louis, Missouri, for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff-Appellant Linda Burkhart, Administrator of the Estate of Ralph Burkhart, deceased, appeals from orders of the trial court which dismissed Counts IV, V and VI of her amended complaint. The trial court also entered an order finding that there was no just reason to delay appeal.

On July 29, 1969, plaintiff's decedent and the crew of men with whom he was working were trimming trees along power lines owned by defendant-appellee Illinois Power Company. The decedent had climbed a tree for the purpose of topping or trimming it. It is alleged that while he was so engaged electrical current from the transmission lines of the Illinois Power Company "skipped or arced" into Burkhart's body causing his death.

Count IV of the amended complaint was directed against the defendant Illinois Power Company and charged the Company with a violation of the Structural Work Act (Ch. 48, Ill. Rev. Stat. 1967), and specifically with failing to provide a scaffold upon which decedent could work during the performance of his duties in violation of section 60 of the Act which provides in part:

"That all scaffolds, hoists, cranes, stays, ladders, supports, or other mechanical contrivances, erected or constructed by any person, firm or corporation in this State for the use in the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure, shall be erected and constructed, in a safe, suitable and proper manner, and shall be so erected and constructed, placed and operated as to give proper and adequate protection to the life and limb of any person or

persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon."

■■ Plaintiff argues that the failure to provide a scaffold can be the basis of a cause of action under the Structural Work Act, citing *Louis v. Barenfanger,* 39 Ill.2d 445, 236 N.E.2d 724. In *Barenfanger* the injured worker was engaged in the construction of a school building and was therefor clearly engaged in the "* * * erection of * * * any building * * *" and thus performing an activity within the precise provisions of section 60 of the Act. But was the defendant Illinois Power Company required by section 60 to provide "scaffolding or a bucket truck" for decedent's use in trimming the tree? Plaintiff urges that a power line is a "structure" within the meaning of that term as it is used in section 60 of the Act, citing *Naylyt v. Kalinick,* 125 Ill.App.2d 290, 260 N.E.2d 855, which held a sewer line to be a structure within the meaning of the Structural Work Act. Assuming, *arguendo,* that the power transmission line was a "structure" within the meaning of section 60 of the Act, we fail to see that plaintiff's theory is supported or advanced by that circumstance for the simple reason that, at the time of decedent's injury he was trimming a tree; he was not working on the transmission line and thus not engaged in the " * * * erection, repairing, alteration, removal or painting of any * * * building * * * or other structure" as provided in section 60. Nor are we persuaded by defendant's argument that the title of the act "an act providing for the protection and safety of persons *in* and *about* the construction, repairing, alteration or removal of buildings, bridges, viaducts and other structures" means that the application of the Act is "not to be limited to work done directly on or in the structure," and that under the factual circumstances pleaded liability under the Act should attach. Plaintiff cites *Crafton v. Knight and Associates,* 114 Ill.App.2d 52, 252 N.E.2d 383 in support of this contention. This case was reversed by the Supreme Court of this State and the opinion appears at 46 Ill.2d 522, 264 N.E.2d 134. The language of the opinion which appears on page 537 lends no support to plaintiff's argument here. The trial court was correct in its dismissal of Count IV of the amended complaint.

■■ Count V of the amended complaint was directed against the defendant-appellee International Brotherhood of Electrical Workers, Local Union No. 51, of which decedent was a member. The defendant is a voluntary, unincorporated association. The plaintiff concedes that the cases in Illinois have held, without exception, that a labor union, as an unincorporated, voluntary association cannot be sued, in an action at law, for damages in its association name. (*Collins v. Barry,* 11 Ill.App.2d 119,

136 N.E.2d 119; *Kingsley v. Amalgamated Meat Cutters and Butcher Workmen of North America, Local Union No. 530,* 323 Ill. App. 353, 55 N.E.2d 554.) He argues, however, that since the 1964 Constitutional Amendment of Article 6 (the Judicial Article) provided that the Circuit Court shall have unlimited original jurisdiction of all justiciable matters the distinction between law and equity has been abolished insofar as jurisdiction is concerned and thus Count V was properly brought. Plaintiff cites no case to support this argument and it is clear that this theory has not been adopted by any court of review in this State since the adoption of the constitutional amendment referred to. To the contrary, cases decided on the point since that time have reiterated the rule as it has existed for many years. (*Boozer v. United Auto Workers of America* (1972), 4 Ill.App.3d 611, 615, 279 N.E.2d 428.) The trial court's dismissal of County V of the amended complaint was correct.

Count VI of the amended complaint was directed against the named officers of the union (hereinafter referred to as "I.B.E.W.") Count VI is essentially a class action for damages against the members of I.B.E.W., Local Union No. 51.

The thrust of Count VI of the amended complaint is that the union, on June 30, 1969, issued to the decedent a Forestry Groundman membership card and that decedent was a member of the union, in good standing, on the date of his injury. That on the date of injury defendant was an employee of N. G. Gilbert Corporation (which had contracted with Illinois Power to trim trees and brush along its transmission lines). "That a union member who has a Forestry Groundman card is not supposed to climb trees or trim them", that the defendants, their agents and fellow members had a duty to see that the "union laws were not violated" and failed to see that the "union laws were carried out." The only case cited by plaintiff in support of this theory is *United Electric Coal Co. v. Rice,* 22 F.Supp. 221, in which it was held that an employer was entitled to recover for damages to property caused by union officers during a strike which citation does not seem pertinent to the point under which it is cited.

The record discloses that the union membership classifications of a Groundman and Line Clearance Trimmer, 0-6 months experience are the same. The local union referred the decedent to the N. G. Gilbert Corporation and under the agreement between the union and Gilbert, the latter had the right to accept or reject any applicant and to exercise customary and regular functions of management, including the right to hire, discharge, promote or transfer employees. The agreement between the union and Gilbert contained the job classification "Line Clearance Trimmer" 0-6 months experience and the applicable wage rate was $4.21

per hour. Decedent was hired by Gilbert on April 14, 1969, and he worked from that date until the date of his injury on July 29, 1969, in the last mentioned job classification. Under the agreement between the union and Gilbert the *job* classification to which an employee was assigned from time to time, was completely under the control of Gilbert provided it paid, as here, the wage rate and benefits to which the employee is entitled under the job classification.

The record further discloses that in demand for a Bill of Particulars the defendants requested from plaintiff a statement as to what statute, by-law or provision of the union constitution had been violated as alleged in paragraph 8 of Count VI of the amended complaint. To this demand plaintiff responded, "I originally thought that I had read said allegation in the By-Laws or Constitution of the union, but am now unable to find said section, and therefore, this has been based on the statement of one of the witnesses I have interviewed."

The plaintiff has no authority for the proposition that decedent was "not permitted to climb trees" nor has plaintiff established that the defendants had any duty to see that he didn't. The ruling of the trial court granting Summary Judgment was correct.

Judgment affirmed.

CRAVEN, P. J., and SMITH, J., concur.