ALLEN, Judith Darlene, Natural Mother and Guardian and Conservator of the Property of Jeffrey John Horney, Renee Helene Horney, Ronda Lynn Horney and Jason Allen Horney, David H. Davlin, Trustee of Jeffrey John Horney, Renee Helene Horney, Ronda Lynn Horney and Jason Allen Horney, and Wright Tree Service, Inc., All for the Use and Benefit of Fireman's Fund American Insurance Companies, Plaintiffs,

v.

GODAR, Ralph, d/b/a Godar Brothers Trucking Company, Defendants.

No. 77–5126.

United States District Court,
S. D. Illinois,
Alton Division.

Aug. 21, 1979.

Gordon R. Broom, Burroughs, Simpson, Wilson, Hepler & Broom, Edwardsville, Ill., for plaintiffs.

Al J. Pranaitis, Hoagland, Maucker, Bernard & Almeter, Alton, Ill., Stephen W. Thomson, Reed, Armstrong, Gorman & Coffey, Edwardsville, Ill., for defendants.

## MEMORANDUM ORDER

J. Waldo ACKERMAN, District Judge.

This civil action arises out of the death of Johnnie G. Horney. Mr. Horney was fatal-

ly injured in July of 1975 when he became trapped between logs protruding from the end of defendant's dump truck and the rear end of a winch truck engaged in loading logs on the dump truck. At the time of the accident, Mr. Horney was involved in clearing a site for the erection of a power transmission tower. The plaintiffs' claim is based upon alleged violations of the Illinois Structural Work Act, Ill.Rev.Stat., ch. 48 § 60 *et seq.*, and the issue here presented is one of coverage under that Act.

Pursuant to the authority granted him by 28 U.S.C. § 636(b)(1)(C), United States Magistrate Charles H. Evans has recommended denial of the defendant's motion for summary judgment. The Magistrate's recommendation is based upon a finding that the clearing of the site for the construction of the tower was a "necessarily incidental task considered to be an integral part of the construction and erection operation so as to qualify as a structural work activity." The defendant has filed objections to the Magistrate's recommendation contending that the truck in this case is not an elevating apparatus within the terms of the Act, and in any event the clearing activities being performed by the decedent at the time of the accident do not constitute erection or construction of the tower as required to impose liability under the Act.

I note, parenthetically, that the issues here involved have previously been addressed in this Court's denial of the defendant's motion to dismiss the complaint. At that time, following an independent review of the pleadings and applicable law, I found the Magistrate's denial of the motion to dismiss was correct, based primarily upon my agreement with the Magistrate's finding that the clearing of the land was an integral part of the construction and erection operation so as to qualify as structural work activity. Thus, the defendant is now, in effect, asking this Court to reconsider its earlier ruling denying the motion to dismiss.

■ I believe this case turns on the question of whether the clearing of a site in preparation for construction of a structure is an integral part of the structure's erection as required to impose liability under the Illinois Structural Work Act. Having carefully considered the pleadings, memoranda and applicable law, I conclude the Act is inapplicable and that the defendant's motion must be allowed.

■ The applicable provision of the Illinois Structural Work Act applies to "the erection, repairing, alteration, removal or painting of any house, building, bridge, viaduct, or other structure." Ill.Rev.Stat., ch. 48 § 60. The Supreme Court of Illinois has indicated that the Act should be given a liberal construction to effectuate its purpose of "protecting persons engaged in extra-hazardous occupations of working in and about construction, repairing, alteration or removal of buildings, bridges, viaducts, and other structures." *McNellis v. Combustion Engineering, Inc.,* 58 Ill.2d 146, 151, 317 N.E.2d 573, 576 (1974), and cases there cited. *See also, Farley v. Marion Power Shovel Co.,* 60 Ill.2d 432, 434–35, 328 N.E.2d 318 (1975); *Navlyt v. Kalinich,* 53 Ill.2d 137, 290 N.E.2d 219 (1972). At the same time, however, the Supreme Court has recognized that in order to fall within the ambit of the Act, the particular activity involved must be an integral part of the structural construction operation. *McNellis,* 58 Ill.2d at 150–51, 317 N.E.2d 573. The statute is not intended to cover any and all construction activities whatsoever. *Crafton v. Knight & Associates, Inc.,* 46 Ill.2d 533, 536, 263 N.E.2d 817 (1970).

Here, the fatal accident occurred during the clearing of the site in preparation for erection of the tower. The uncontroverted facts indicate that the decedent was engaged in loading logs onto a truck and was in no way involved in the construction of the tower. The tower itself was not yet under construction. In fact, the record in this case indicates that Mr. Horney, as an employee of Wright Tree Service, Inc., had contracted with defendant to load and remove logs from the site, and thus was not truly involved with the construction of the tower.

In support of the applicability of the Structural Work Act to their claim, the plaintiffs rely heavily upon *McNellis v. Combustion Engineering, Inc.*, 58 Ill.2d 146, 151, 317 N.E.2d 573 (1974). In that case, the Supreme Court of Illinois held that the Act's coverage extended to the unloading of a railroad car one-half mile from the construction site. The majority of the court concluded that "under the terms of this contract and facts of this case the unloading may fairly be viewed as an integral part of the erection operation."

Subsequent cases, however, have made it clear that the *McNellis* case is limited to its facts, and the result was particularly predicated upon the governing contractual provisions not present here. *E. g., Farley v. Marion Power Shovel Co.*, 60 Ill.2d 432, 437, 328 N.E.2d 318 (1975). I note also that while the *McNellis* decision is mandatory authority, it was rendered by a majority of four justices with three dissenters voicing strong criticism, and further that the majority's decision has been viewed as somewhat of an aberration. *See, e. g.*, 1975 U.Ill.L.F. 393, 396 ("strained judicial interpretation").

▪ The instant case does not involve the erection of a structure as envisioned by the Act but rather involves the clearing of trees from the land. While this Court concedes that site preparation is a necessary step in the construction process, I do not believe the purpose and policy of the Structural Work Act extends to individuals involved solely in this site preparation stage. There is a clear distinction between site preparation and construction, and I believe it is this distinction which controls the outcome of this case. *Accord, First National Bank & Trust Co. v. City of Rockford*, 47 Ill.App.3d 131, 143, 5 Ill.Dec. 509, 361 N.E.2d 832 (2nd Dist. 1977). To hold otherwise would unduly stretch the language of the statute and afford coverage of the Act to individuals beyond the scope of the Act's purpose.

There is no structure involved in this case. The sole connection of these facts to a structure is the fortuitous circumstance that a tower was to be built once the land was cleared. A finding of structural activity should not depend upon the intended utility of the work, but rather the type of work engaged in at the time of the injury. Under the facts and circumstances here presented there is no real nexus between the activities involved in the site preparation and the erection of the tower as would be required to support liability under the Structural Work Act. *See McNellis v. Combustion Engineering, Inc.*, 58 Ill.2d 146, 152–54, 317 N.E.2d 573 (1974) (Ryan, J., dissenting).

I believe this case is analogous to the case of *Burkhart v. Illinois Power Co.*, 9 Ill. App.3d 139, 291 N.E.2d 673 (4th Dist. 1973). In that case, the Illinois Appellate Court held that a workman's death while he was trimming a tree along an existing power transmission line did not give rise to a cause of action under the Structural Work Act. The court there stated in language applicable to this case:

> . . . at the time of decedent's injury he was trimming a tree; he was not working on the transmission line and thus not engaged in the " * * * erection, repairing, alteration, removal or painting of any * * * building * * * or other structure" as provided in [the Act]. Nor are we persuaded by defendant's argument that the title of the act "an act providing for the protection and safety of persons *in* and *about* the construction, repairing, alteration or removal of buildings, bridges, viaducts and other structures" means that the application of the Act is "not to be limited to work done directly on or in the structure," and that under the factual circumstances pleaded liability under the Act should attach.

9 Ill.App.3d at 141, 291 N.E.2d at 674.

Finally, I note the defendant's suggestion that to hold the Structural Work Act applicable to these facts would raise serious questions as to the ability of the courts to ever draw the line to separate those activities that do not fall within the purview of the Act. There are numerous steps in every construction project, from site selection to completion of the building itself. If site

preparation qualifies for the Act's purpose of protecting persons engaged in extra-hazardous occupations of working and about the erection of structures, it is indeed difficult to discern what type of activity would fall without the scope of the Act. Notwithstanding the Act's liberal construction, I do not believe it extends to the site preparation activity presented by the facts of this case.

Accordingly, I conclude that under the facts and circumstances here presented, site preparation in the form of clearing logs does not qualify as construction activity sufficient to impose liability under the Structural Work Act. The defendant's motion for summary judgment is therefore allowed.