(No. 24916.— )
THE PEOPLE *ex rel.* A. L. Bowen, Director of the Department of Public Welfare, Appellant, *vs.* EDWARD J. HUGHES, Secretary of State, Appellee.

*Opinion filed December 20, 1938.*

OTTO KERNER, Attorney General, and JOHN B. HARRIS, for appellant.

GILLESPIE, BURKE & GILLESPIE, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from the circuit court of Sangamon county to review the judgment of that court dismissing a petition for a writ of *mandamus* to compel the Secretary of State to secure, through the Department of Public Welfare, the automobile license plates necessary to be supplied and delivered to vehicle owners for the year 1938, it being the petitioner's contention that under an act entitled "An act to regulate the employment of convicts and prisoners in penal and reformatory institutions," etc., known as the Prison Industries act, the Secretary of State is required to secure such license plates to be manufactured by the Department of Public Welfare.

Appellee moved to dismiss the petition on the ground that the Prison Industries act does not obligate the Secretary of State to obtain motor vehicle license plates from the Department of Public Welfare, but, on the other hand, the purpose and spirit of that act is to prohibit competition of prison labor with free labor, except as to such materials as the State itself, or a subdivision thereof, may use, in which automobile license plates are not included, and that, as there are established industries making such license plates

and employing free labor, the act prevents the Secretary of State from securing such plates from the Department of Public Welfare. A further ground urged for dismissing the petition was that under the Motor Vehicle act, making it the duty of the Secretary of State to "supply and deliver" license plates to automobile owners, such plates are to be purchased for and delivered to and for the use of such automobile owners, and not for the use of the State. The circuit court allowed appellee's motion and dismissed the petition.

The petition before us is a *verbatim* copy of the petition sought to be filed in this court at the last April term thereof, even to the inclusion of language which could have been addressed only to this court. Leave to file this petition was then denied. While an order denying a motion for leave to file a petition for *mandamus* is not always a decision on the merits of the controversy, it must be clear to all, from the nature and importance of the questions here involved, together with the fact that questions of law only are involved, that this court could not have arrived at the conclusion upon which the order denying leave to file was based, without consideration and determination of what is, in argument here, styled the merits of the case. Denial of leave to file this petition at the April term was an adjudication of the law in this case, for this court necessarily there held not only that the Secretary of State is authorized by section 14 of the Motor Vehicle act to "supply and deliver" the license plates to automobile owners (Ill. Rev. Stat. 1937, chap. 95½, par. 15) but that the Prison Industries act forbids the competition of such product of convict labor with products of free labor. This proceeding is, therefore, in effect, an attempt to secure a rehearing of the order of this court at that term.

Section 14 of the act relating to the employment of convicts and disposition of their products (Ill. Rev. Stat. 1937,

chap. 108, par. 86, p. 2372) authorizes the Department of Public Welfare to cause to be manufactured by the convicts in the penitentiaries and reformatories "such articles as are needed and used therein, and also such as are required by the State, and in the buildings, offices and public institutions owned or managed and controlled by the State, including articles and materials to be used in the erection of the buildings." By section 3 of that act the Board of Prison Industries, now the Department of Public Welfare, is required to attend to the disposition and distribution of the products manufactured by the convicts and prisoners. This section further provides: "They, [the department,] shall particularly be charged with the duty of seeing that under no circumstances shall any of the products of the labor of said convicts or prisoners mentioned in this act, be sold upon the open markets, except as hereinafter provided. They shall see that the said products do not enter into conflict with any of the established industries of the State, except as hereinafter provided. It shall be their duty at all times, to inform themselves, so far as possible, of the industrial conditions of the State of Illinois, and to see that the labor of said convicts and prisoners does not enter into competition with the products of free labor, except as hereinafter provided." The very clear and specific language of this section shows the primary purpose of the section to be to avoid competition of the products of convict labor with the products of free labor, or the competition of such labor with free labor. It is a rule of general acceptance as to the construction of statutes, that exceptions or provisos found in a statute are to be strictly construed. (*Public Utilities Com.* v. *Early,* 285 Ill. 469; Potter's Dwarris on Statutes, 118, note 11.) It is an equally sound rule of construction that provisions of an act emphasizing a particular purpose are to be liberally construed to the end that such purpose be effectuated.

Section 14 of the Motor Vehicle act heretofore referred to, is in part as follows: "The Secretary of State shall supply and deliver to the address of the owner of each licensed motor vehicle or motor bicycle registered in his office, as herein provided, charges prepaid, and without additional cost, one number plate for each motor bicycle, * * * and two number plates for each motor vehicle other than a motor bicycle." Section 8 of that act provides that in case a motor vehicle owner loses his plates he may, upon filing in the office of the Secretary of State an affidavit that the original plate has been lost, stolen or destroyed, secure a duplicate of such plate, at 50 cents each for motorcycle plates and $1.00 each for automobile or other motor vehicle plates. It is evident that these plates are not manufactured for the use of the State or a subdivision thereof, but for the use of individuals owning motor vehicles. It is equally clear that the language of section 14 of the Motor Vehicle act requiring that the Secretary of State "supply and deliver to the address of the owner" such motor vehicle plates, places the duty upon the Secretary of State to procure the plates he is to supply and deliver. Nowhere in the statutes is such duty placed upon the department.

This was, in effect, the previous holding of this court denying the leave to file this petition for *mandamus* at the April term. It is unnecessary, therefore, to further consider the arguments made on this hearing, nor the effect of the fact, as shown by appellee's argument, that the question was moot when this petition was filed in the circuit court.

The judgment of the circuit court of Sangamon county is in accord with the previous decision of this court in this matter and is affirmed.

*Judgment affirmed.*