FRED TREMPER *et al.*, Plaintiffs-Appellants, *v.* BOARD OF EDUCATION SCHOOL DISTRICT No. 89, Defendant-Appellee.

(No. 55908;

First District—December 27, 1971.

Raymond P. Concannon, of Chicago, for appellants.

Lawrence A. Passarella, of Melrose Park, (Robert D. Boyle, of counsel,) for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is an appeal of the dismissal of plaintiffs' petition to declare null and void the school election of the Board of Education School District No. 89, Cook County, Illinois, on April 11, 1970. The case comes before this court after being transferred from the Supreme Court with the following statement:

"Appellants challenge the validity of a school board election on the ground that the notices of election provided that voters could vote only in their own precinct. This argument involves only a question of statutory construction and no substantial constitutional issue is involved. *Tremper, et al. v. Board of Education, School District No. 89,* (Ill.2d), No. 43681."

Plaintiffs' sole contention on appeal, the Supreme Court having disposed of any constitutional issue, is that the notice of school board annual election (hereafter notice) violates the School Code by adding a restriction from the Election Code.

The relevant portion of the notice is: "Voters are permitted to vote in precinct of residence only." The plaintiffs maintain that this restriction was taken from the Election Code, Ill. Rev. Stat. 1969, ch. 46, par. 11—2, which provides: "No person shall be permitted to vote at any election except at the polling place for the precinct or district in which he resides." * Plaintiffs then assert that the use of that phrase from the Election Code violates the School Code which states: "The provisions of the Election Code [Ch. 46, Sect. 1—1 *et seq.*] shall not apply to any elections held under this Article [School Code] unless expressly provided by this Article." Ill. Rev. Stat. 1969, ch. 122, par. 9—2.

Plaintiffs insist that by Sections 9—3 and 9—9 of the School Code (Ill. Rev. Stat. 1969, ch. 122, pars. 9—3 and 9—9) the legislature clearly indicated that a voter may vote anywhere in the school district and cannot be directed by a notice of election to vote in the precinct where he resides. These sections provide:

"§ 9—3. *Voters.* For the purposes of this act a person qualified to vote in a school election shall be known as a legal voter or voter. A person must be a citizen of the United States, above the age of twenty-one years, must have resided in the State for one year, in the county for ninety days, in the school district or territory to be created into a proposed district for thirty days immediately preceding the school election and be registered to vote in general elections from a residence located in the school district or territory to be created into a proposed district to be qualified to vote at such election.

§ 9—9. *Affidavit to vote.* In all elections held under this Act for any purpose whatsoever, except where Section 9—4 of this Act applies, all persons desiring to vote shall sign an affidavit which shall contain the following:

(a) the name and address of the voter,

---

* Paragraph 11—2 empowers the County Board to maintain election precincts of not more than 600 persons and election districts of not less than 500 nor more than 800 persons. The terms "precinct" and "district" are mutually exclusive.

(b) statement that the voter resides within the particular district and is registered to vote in general elections from a residence located in the school district or territory to be created into a proposed district and

(c) statement that the person desiring to vote is a qualified voter."

Defendant claims, however, that these sections are silent as to where the voters shall cast their ballots and that under Sections 9—7 and 9—11 of the School Code the School Board could provide in the notice of election for permitting voting only the precinct of the voter's residence.

"§ 9—7. *Calling elections.* In elections in all other school districts, including nonhigh school districts, the board of education shall establish a suitable number of voting precincts and fix the boundaries thereof for the accommodation of the voters of the district. If more than one voting precinct is established the voting precinct shall be designated by number. In each voting precinct there shall be one polling place designated by the board.

§ 9—11. *Notice of Election.* The notice of the election for members of the board of education shall be in substantially the following forms:

NOTICE OF ELECTION FOR MEMBERS OF THE
SCHOOL BOARD DISTRICT No._____,

_____COUNTY, ILLINOIS.

Notice is hereby given that on Saturday, the_____day of_____, 19_____, an election will be held at _____in School District No._____County of_____and State of Illinois, for the purpose of electing_____members of the school board of said district for the full term.

For the purpose of this election the following precincts and polling places are hereby established:

(Here set out the boundaries of the voting precincts, with a polling place for each.)

❋   ❋   ❋

The polls will be opened at_____o'clock_____and closed at_____o'clock P.M. of the same day.

By order of the School Board of said district.

Dated this_____day of _____, 19_____.

_____
President
                                                                ''

_____
Secretary  (Clerk)

In *Scofield v. Board of Education*, 411 Ill. 11, 21, the School Code failed to list the requirements of voter qualification. The court held that notwithstanding a provision in the School Code that the Election Code does not apply to elections under the School Code, the two codes must be considered in *pari materia*, and where the School Code omits an important provision (such as in the instant case) which is not inconsistent with the purposes of that code, the requirements provided for in the Election Code would be inferred.

We conclude that the limitation of voting in the precinct of a voter's residence was a reasonable compliance with the School Code (see *Zbinden v. Bond County School Dist.*, 2 Ill.2d 232, 239) and that in the absence of any provision in the School Code as to where the voter should vote, the harmonious and consistent requirement of the Election Code could be inferred.

The judgment dismissing plaintiffs' petition is affirmed.

Judgment affirmed.

ENGLISH, P. J., and LORENZ, J., concur.