ANABELLE BILEK *et al.*, Plaintiffs-Appellants, *v.* BOARD OF EDUCATION OF BERKELEY SCHOOL DISTRICT NO. 87, COOK COUNTY, Defendant-Appellee.

First District (1st Division)  No. 77-1739

Opinion filed June 19, 1978.

Lawrence Jay Weiner, of Weiner and Associates, of Chicago, for appellants.

Everett E. Nicholas, Jr., and Lorence H. Slutzky, both of Robbins, Schwartz, Nicholas & Lifton, Ltd., of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiffs were tenured elementary school teachers in defendant School District No. 87, Cook County, Illinois. On March 15, 1976, defendant dismissed 41 teachers, including plaintiffs, because of declining enrollments. Within one calendar year thereafter, defendant hired a number of additional teachers; some were untenured. The additional teachers were hired to fill vacancies that had occurred during the year as the result of deaths, resignations, etc. As tenured teachers, plaintiffs insisted that they should have been given priority to fill the vacancies. When defendant refused, plaintiffs filed a petition for a writ of

mandamus to compel defendant to hire them. Plaintiffs brought the suit both individually and on behalf of all those similarly situated. Defendant filed a motion to dismiss, which the trial court granted.

On appeal, plaintiffs argue that the trial court erred in dismissing their petition inasmuch as section 24—12 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—12) requires that tenured teachers be given priority in the filling of vacancies that have occurred due to attrition.

We reverse and remand.

The facts are not disputed. Plaintiffs Anabelle Bilek, Rita Governale, Mildred Levand, Georgette Tolen, Helen Voolach, and Jeanne Wind were tenured, elementary school teachers in defendant Berkeley School District No. 87, Cook County, Illinois. On February 23, 1976, defendant adopted a resolution authorizing the closing of two school buildings due to a decrease in student enrollment. Pursuant to that resolution, it was necessary that a number of teachers be dismissed. On March 15, 1976, defendant dismissed 41 teachers, reducing the staff from 164 teachers to 123. Plaintiffs were among the 19 tenured teachers that were honorably dismissed. The remaining teachers dismissed were nontenured teachers.

Subsequent to March 15, 1976 and within one calendar year, defendant hired new teachers to fill vacancies that had occurred due to attrition (deaths, resignations, pregnancies, etc.). Of the nine new teachers hired, five were rehired tenured teachers who had previously been honorably dismissed. The other four were untenured teachers. After the hirings, there were still 123 teachers on defendant's staff. There was no net increase or decrease in the number of teachers employed.

On August 23, 1976, plaintiffs' attorney wrote defendant and stated that section 24—12 of the Illinois School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—12), commonly known as the Teacher Tenure Act, required that all vacancies be filled by tenured teachers who had been honorably dismissed within the preceding year. When defendant disputed this interpretation of section 24—12, plaintiffs filed a petition for writ of mandamus on September 3, 1976. Defendant filed a motion to dismiss which was subsequently granted by the trial court. Plaintiffs appealed.

On appeal, plaintiffs argue that section 24—12 of the School Code mandates that honorably dismissed tenured teachers be given priority when vacancies due to attrition are filled. They conclude therefore, that the trial court erred in dismissing their petition. We agree.

■■ Section 24—12 of the Illinois School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—12) provides:

> "Removal or dismissal of teachers in contractual continued service. If a teacher in contractual continued service is removed or dismissed as a result of a decision of the board to decrease the number of teachers employed by the board or to discontinue some

particular type of teaching service, written notice shall be given the teacher by registered mail at least 60 days before the end of the school term, together with a statement of honorable dismissal and the reason therefor, and in all such cases the board shall first remove or dismiss all teachers who have not entered upon contractual continued service before removing or dismissing any teacher who has entered upon contractual continued service and who is legally qualified to hold a position currently held by a teacher who has not entered upon contractual continued service. If the board within 1 calendar year thereafter increases the number of teachers or reinstates the position so discontinued, the positions thereby becoming available shall be tendered to the teachers so removed or dismissed so far as they are legally qualified to hold such positions."

The issue presented is one of statutory interpretation. Section 24—12 gives honorably dismissed tenured teachers hiring priority when positions are reinstated or the teaching staff is increased. However, it does not delineate the rights of honorably dismissed tenured teachers when vacancies are to be filled. We must therefore analyze the issue in terms of rules of construction and legislative intent.

The purpose of the tenure provision of the School Code of Illinois was interpreted by the supreme court in *McNely v. Board of Education* (1956), 9 Ill. 2d 143, 137 N.E.2d 63, and *Donahoo v. Board of Education* (1952), 413 Ill. 422, 109 N.E.2d 787. In *McNely* the court said:

"The Teacher Tenure Law was enacted primarily for the protection of educational personnel who, prior to its enactment in 1941, served at the pleasure of school directors or boards of education. Its object was to improve the Illinois school system by assuring personnel of experience and ability a contractual continued service status based upon merit rather than insecurity of employment based upon political, partisan or capricious consideration. *Donahoo v. Board of Education*, 413 Ill. 422, *Betebenner v. Board of Education*, 336 Ill. App. 448." (9 Ill. 2d 143, 147, 137 N.E.2d 63, 66.)

Similarly, in *Graham v. Board of Education* (1973), 15 Ill. App. 3d 1092, 305 N.E.2d 310, we held that the Teacher Tenure Act must be construed consistently with its prime purpose of protecting teachers who have qualified for the protection of the Act. See also *Reinhardt v. Board of Education* (1974), 19 Ill. App. 3d 481, 311 N.E.2d 710, *rev'd on other grounds*, 61 Ill. 2d 101, 329 N.E.2d 218 (1975).

In *Graham* we also summarized the standard for judicial interpretation of statute, stating:

"It is a cardinal rule in the construction of Illinois statutes that a

statute should be construed so as to ascertain and give effect to the intention of the General Assembly expressed in the statute. (34 Ill. L.P. 'Statutes', Sec. 113.) In construing a statute to give effect to the intention of the General Assembly, the courts should look to the object or purpose to be obtained or subserved by the statute and the evil sought to be remedied. (*Lincoln National Life Insurance Co. v. McCarthy* (1957), 10 Ill. 2d 489, 140 N.E.2d 687.) The specific meanings of words used in a statute is determined by the objects sought to be accomplished by the statute in which the words are used. (*Bowes v. City of Chicago* (1954), 3 Ill. 2d 175, 201, 120 N.E.2d 15.) If a statute is susceptible of more than one construction, it should, if possible, be given the construction which will effectuate or carry out its purpose or object. (*Scofield v. Board of Education* (1952), 411 Ill. 11, 103 N.E.2d 640.) Provisions of an act emphasizing a particular purpose are to be liberally construed to the end that such purpose be effectuated. (*People ex rel. Bowen v. Hughes* (1938), 370 Ill. 255, 18 N.E.2d 453.) Courts will construe details of an act in conformity with its dominating purpose. *People v. Gibbs* (1952), 413 Ill. 154, 108 N.E.2d 446." 15 Ill. App. 3d 1092, 1097, 305 N.E.2d 310, 314-15.

Keeping all of the above in mind, particularly the fact that the primary purpose of the Teacher Tenure Act is to give tenured teachers priority over nontenured teachers, we feel defendant has acted improperly. Though section 24—12 does not expressly deal with vacancies caused by attrition, the spirit of the Act requires that such vacancies be filled by qualified tenured teachers who have been honorably dismissed within the preceding calendar year, if possible. If the vacancies cannot be filled by the tenured teachers, then untenured teachers may be hired.

Therefore, for the foregoing reasons, the order of the circuit court of Cook County is reversed and the cause is remanded to determine whether any of plaintiffs were qualified for the positions filled by the untenured teachers.

Order reversed; cause remanded.

O'CONNOR and BUCKLEY, JJ., concur.