*In re* R.S. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Bernadette Sepulveda, Respondent-Appellant).

Third District   No. 3—87—0691

Opinion filed August 30, 1988.

Spencer Lee Daniels, of Peoria, for appellant.

John A. Barra, State's Attorney, of Peoria (Edward P. Morrissey, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

The respondent mother, Bernadette Sepulveda, appeals from the court's order terminating her parental rights to the children R.S. and A.S. The sole issue on appeal is whether the court properly interpreted the relevant statutory ground for finding her "unfit." We affirm.

The mother's child R.S. was adjudicated dependent on March 19, 1985. The mother's child A.S. was adjudicated dependent on April 9, 1986. The State's supplemental petition to terminate the mother's parental rights to the two children was filed on June 16, 1987. It alleged the mother's unfitness in the language of subsection (m) of section 1 of the Adoption Act (Ill. Rev. Stat. 1987, ch. 40, par. 1501(D)(m)).

Subsection (m) provides that a court may find "unfitness" for pa-

rental rights to a child, based upon: "(m) failure by a parent to make reasonable efforts to correct the conditions which were the basis for the removal of the child from such parent, or to make reasonable progress toward the return of the child to such parent *within 12 months after an adjudication*" of neglect or dependency. (Emphasis added.) Ill. Rev. Stat. 1987, ch. 40, par. 1501(D)(m).

At the hearing on the State's termination petition, over the mother's objection, the court considered evidence of the mother's parenting "efforts" and "progress" during a period which began with the adjudication of R.S.' and A.S.' dependency and extended beyond the 12 months following the respective adjudications. The mother argues on appeal, as she unsuccessfully argued to the trial court, that only the 12 months immediately following the relevant adjudication could be considered under subsection (m). We disagree.

■ The language of subsection (m) is ambiguous in defining the role of the designated 12-month period. The statutory language is equally capable of at least two interpretations, including those of the parties. The mother's view is that a court's determination of unfitness under that subsection must be based on parenting efforts or progress during the period beginning with the relevant adjudication and ending 12 months thereafter. The State's view is that at any time at least 12 months after the relevant adjudication, a court may determine unfitness under subsection (m), based upon a parent's parenting efforts or progress during the entire period between the adjudication and the filing of the termination petition; the length of that period is not limited by the statute. It is a basic tenet of statutory construction that if the statutory language is ambiguous, it must be interpreted to carry out the purpose of the statute. *Bilek v. Board of Education* (1978), 61 Ill. App. 3d 323, 377 N.E.2d 1259.

Under the Adoption Act, the best interests and welfare of a child to be adopted are the paramount considerations. (Ill. Rev. Stat. 1987, ch. 40, par. 1525.) Furthermore, subsection (m) evidences both the legislature's recognition of the problem of children removed from their parents but ineligible for adoption and the legislature's intent to better protect the interests of such children. *In re Austin* (1978), 61 Ill. App. 3d 344, 378 N.E.2d 538.

■ Given the nature of the Act generally, and of subsection (m) particularly, we reject the mother's and accept the State's interpretation of subsection (m). When more than 12 months have passed after an adjudication of a child's neglect or dependency and the child has not been returned to the parent, if the State alleges a parent's unfitness under subsection (m), it is clearly in the best interest of the child to

134

consider the parent's conduct during the entire post-adjudication period. Further, not merely evidence indicating unfitness need be considered; probative evidence favorable to the parent's progress would also be entitled to consideration.

Further, we find support for the State's interpretation of subsection (m) in the 1977 enactment which shortened subsection (m)'s designated period from 24 months to its current length of 12 months. (Pub. Act 80—558, eff. Oct. 1, 1977.) Considering the purpose of the Act, the legislature could not have intended, as the mother would suggest, for that amendment to shorten the period from which evidence could be considered. Rather, the legislature must have intended to shorten the removed child's period of uncertainty—that period during which he is removed from his parent but not eligible for adoption. It accomplished that goal by lessening the time which must pass following the child's removal, before his parent could be found unfit under subsection (m). (See *Austin*, 61 Ill. App. 3d at 351.) The designated time period of subsection (m) reflects the rehabilitation period before which unfitness may not be proved under that provision; it does not terminate the period from which evidence may be considered.

Based on the foregoing, we affirm the judgment of the circuit court of Peoria County.

Affirmed.

STOUDER, P.J., and HEIPLE, J., concur.